The next case is Flannigan v. Vulcan Power Group. Good afternoon, Your Honors. Chris Olson, appearing pro hoc here on behalf of the defendant appellate. I've asked for two minutes as a rebuttal. Your Honor, what this argument is about is that the district court incorrectly ruled that the bankruptcy stay didn't apply to their order of contempt. More specifically, that the governmental exception applied. I have an issue with our jurisdiction, and maybe we should start there. The district court said that. That was a ruling that the district court made. It may or may not have been a correct ruling, but the order that the district court entered that you appealed from is an order that says that your client has to stay in prison, right? Correct. On a civil contempt judgment. Correct. And there was no appeal of the original civil contempt order, right? No, that's incorrect, actually. The appeal was filed before he was let out of jail. Okay. What appeal? What appeal was that? This present appeal was filed. The order entered on December 9th. Yes, but first the judge held him in contempt, right? And then he went to jail. Was that original order of civil contempt ever appealed? No. And then he's ordered to jail. Then he files the motion that is the subject of this appeal. And that motion says let me out of jail because now I've filed for bankruptcy and this is no longer valid. The district court says no, and you appeal that. But then he complies with the order in order to get out of jail. Why doesn't that moot this appeal? The reason it doesn't moot the appeal is the purpose of the bankruptcy stay is to allow my client to be completely free of any collection efforts that go forward. He's supposed to have, there's supposed to be no collection efforts whatsoever unless it's done by the bankruptcy court. If the district court- But why hasn't, but he's agreed. He's agreed to the conditions that were imposed on him, hasn't he? Understood, your honor, but he agreed so he could get out of jail. Well, great. But wait, if you're held in civil contempt, you have the keys to the pocket, right? And you have a choice. You can appeal and you can fight and you can argue about it. Or you can say, I'm taking those keys out of my pocket and I'm now going to comply. I don't see where you get to do both, where you get to say now I'm going to comply and then preserve your appeal that you didn't have to do that. Well, your honor, the reason you do get both is because one, you're right, he has the right to use those keys, which he did to get himself out of jail. But he also has the rights under the bankruptcy to be completely and utterly clear of the district court's, any further rulings from the district court or any further collection- Well, what other further rulings of the district court have there been? Well, the further ruling is part of what he's agreed to. He has to, he's supposed to say- How can he appeal that ruling? Apart from the things that he agreed to as part of the stipulation to get out of jail, has there been any further effort of the, any further order of the district court? There's been no further order of the district court, but at any time- Well, if there is, you can appeal that, I suppose. But I'm still not seeing what is left of the appeal that you are pursuing, of the order that was made, except for conditions to which your client specifically agreed. Your honor, what he's appealing is the fact that the district court still has jurisdiction over him when the bankruptcy states- The district court thinks it has jurisdiction and it may be wrong. I don't know whether it's right or wrong. I may not have jurisdiction to decide whether the district court was right or wrong about that. But the fact that the if the plaintiff comes back and asks for further relief, the district court can consider that, okay, well, the district court may think that, but we don't rule on ideas in the district court's brain. We rule on orders that the district court enters. And the only live operative order that I see here is one to which your client specifically agreed. Your honor, I agree that he's agreed to certain things, but he agreed to it to get out of jail, and he agreed to it for that reason only. But he didn't agree to- Well, is he breaching that agreement now, or is he complying with that agreement? He is complying with the agreement, your honor. So what is the dispute that's alive between the parties? He made a promise, he made a deal in order to get out of jail instead of pursuing the argument that he shouldn't have been in jail in the first place. I mean, there was a motion to this court, right, for immediate release, which was withdrawn. So instead of pursuing that, he made a deal. Why isn't he bound by that deal? If the district court thinks it has the power to impose new conditions on him separate and apart from the deal he made, well, if that happens, we can deal with that as and when it happens. But if the only thing that's happened so far is that he's complied with a deal that he made, why do we have jurisdiction to say, oh, well, he never should have entered that deal? He didn't have to pursue a remedy with us to continue to attack his incarceration. Your honor, I understand what you're saying, but he essentially was made to enter into this agreement essentially, I apologize for the theatric, but essentially at gunpoint. That's the point of a contempt order. That's the point of a contempt order, is to do exactly that. I understand that, but the state should protect him from further use of that gun. He shouldn't have to be under any jurisdiction for the court. He shouldn't have to answer any additional discovery. And you had every right to pursue that argument. And you did pursue that argument. I don't know whether you were counsel or your side pursued that argument by making a motion in this court for immediate temporary relief. And then instead of pursuing that, you cut a deal promising that you would comply with the district court's order. And the district court said, OK, well, then you can get out. So, I mean, you had a choice. You could make a deal or you could fight. You made the deal. I understand your position, your honor, but our position is the fact that he makes the deal doesn't foreclose him from the fact that he is still under the jurisdiction of the district court when he shouldn't be. And the issue is right to determine whether the district court does have jurisdiction so that we don't have to deal with this issue again. The state protection. Can I ask a different question about what's happening in the bankruptcy court? Yes. Is the bankruptcy proceeding? The bankruptcy is still proceeding. There have been no like part of one of the issues that came up is whether this was a sham or not. And nobody at the bankruptcy level, whether it be a trustee or any of the debtors, has filed saying it's a sham. Part of the issue in the sham was that the district justice focused on the fact that the which is a venue issue and nobody, including the trustee, has challenged the venue issue. So the answer is the bankruptcy court certainly has not ruled that this is a sham. Correct. They have not ruled that it is a sham. Absolutely understood. May I continue? I see that I'm out of time. The issue, if you find that my appeal is right, the issue is whether the district court was right in relying upon Booth or relying upon the cases I cited, which were Brennan and then the unreported decision of Renson. First off, Booth is a district court case, not a Second Circuit case like Brennan. And also the law that they cite are completely different tests. Booth says all that matters is as long as you're not asking for money, if it's a violation of the court order, then the contempt is not stated. Whereas Brennan and then Renson follows up with it, indicates that no, other than the entry of the judgment itself, no further collection efforts can be done. And to be honest with you, there's no valid argument that can be made to say that this was not a collection effort. Plaintiff's counsel didn't make discovery requests to paper them, to use it as the paper's wall or to write a book. He did it to collect money. Any other argument is disingenuous. So because of that, under Brennan, it's clear that- Can I just get back to Brennan and also to- Of course. So when I asked, is he complying with the order? You've got a cascade of things. And I fully appreciate your argument on the merits that discovery in aid of collection is collection and a contempt order in aid of the discovery efforts in aid of the collection is collection. I understand that. But as far as what's happened here, is there any ongoing discovery dispute between the parties? At this point, plaintiff's counsel has essentially let the trustee do any discovery. So no, he hasn't done that. In other words, at this moment, there is no live dispute about discovery. There is no live dispute about being in jail because nobody's trying to put him back in jail and he's been let out. So the only issue, excuse me, the only issue that you are pursuing is that theoretically, the plaintiff may not look at this discovery and then come back and ask the district court to do something to the plaintiff again because he hasn't paid. Is that the only live issue? Actually, no. There is one other live issue. One of the things my client agreed to do was live within a hundred miles. That's something he agreed to do. I'm not worried about that. Well, Your Honor, that's a bit of an issue because while he's attempted to make a residence in New Orleans, just before the pandemic started, to visit his parents in New Orleans. And since then, he has not been able, because of the travel restrictions, to come back to New Jersey. And is anyone taking any action against him to make him go back to New Jersey or have him locked up in New Orleans because he can't come back to New Jersey or do anything, whatever, with respect to that issue? Other than plaintiff's counsel pointing it out to the trustee at the creditor's hearing now. Which is what you think he should be doing, right? He should be pursuing all this in bankruptcy court, not in the district court. Correct. Absolutely. And also, you didn't go back to the district court and ask for some modification of those restrictions based upon what you're saying either. So this is what he agreed to in these new circumstances. You never presented to the district court, right? I agree, yes. The restrictions are an issue. But once again, my position is the stay stops all. He shouldn't even have to worry about whether or not someone's going to come back to district court. Right now, if you rule that it's not right, we don't know. The district court would have to rule first, and then we'd have to go through the same process again. Sure. If it actually becomes a real case, it'll come back to us again. If it doesn't, it won't. But your honor, I disagree with you on that point. It is a real case now. The stay, part of the stay, and there's all kinds of case law that talks about it. This is all hypothetical. The stay exists for whatever value it has. It's only a live dispute if somebody's violating the stay. Well, we have a district justice who's the one who's going to hear it who said that the stay doesn't apply. He's already ruled that it doesn't apply. We're going to anticipatorily say, we're anticipatorily going to tell the judge, by the way, if this ever comes back to you, you don't have jurisdiction. Yes, because what you're ruling on is you're saying, judge, you said that the stay doesn't apply. The stay does apply. Therefore, make sure you don't touch this case ever again. That's what I'm asking the court to do. Understood. We'll hear from your adversary. Good morning or good afternoon. May it please the court, my name is Mark Stattmeyer on behalf of the plaintiff at the Lee, Susan Flanagan. I'm embarrassed to say, I don't really have a lot to add to Judge Lynch's probing questions. The reality is that there is no live dispute here. The defendant is not in prison anymore. I want to ask you, excuse me, Mr. Stattmeyer, I want to ask you on the record, are you content that whatever discovery you have sought, of which the defendant was in contempt for not complying with, either has been complied with or is being adequately pursued in the bankruptcy case? I did not receive full compliance. However, I did not bring that up to the district court. I have been dealing with the trustee in bankruptcy and having discussions with the trustee's counsel. But at this point, I can't say specifically what the trustee has received and what the trustee has not received because I am not up to speed on that. But as of this moment, you have taken no action in the district court to seek further remedy in the district court with respect to discovery. Is that right? That's absolutely correct. And with respect to the defendant's residence, you have a problem with his being in New Orleans at this moment? Oh, I do. It violates the stipulation and it's improper for that reason. But I have not done anything yet. And I don't believe that I'm in a position at this point. Does the court's order require him at all times to remain in New Jersey or within 100 miles of the court? Or is it that he be resident there? It's on page 96 of the record. And it says until further order or agreement, the defendant shall reside within 100 miles of the courthouse. And so if he went to visit his parents, he didn't need permission of the court to do that. Now, it's a factual issue, I take it. Maybe that wasn't why he went to New Orleans. But there would be no violation in his going on a visit, even an extended one someplace else, if he did not break residence. That's correct, Judge. That's what the stipulation says. Okay. If the court has no further questions, I want to thank the court for its time and attention and for giving me an excuse to wear real clothes for the first time in a year. Thank you. We'll hear rebuttal. Well, you've heard from plaintiff's counsel himself indicating that he's not happy with all discovery responses. And he did not indicate that he wouldn't go back to Judge Preska to find him in violation of the court order. And he also indicated that he finds that it is a violation, in his opinion, of the court order. This is exactly why the purpose of the stay is to stop stuff like this. So what I'm asking, what we're asking the court to do is to let the stay have its full effect, which means a court order indicating no further collection efforts through the district court. And we have serious concern about that. And even if we didn't have serious concern, I would argue that the stay itself is supposed to stop even the idea that it's going to happen. And it's not an issue that may show up. No, it's a real issue. The stay itself is supposed to put his mind at ease that you don't have to worry about any collection efforts. That's part of what the stay is for. So you've heard from the plaintiff's counsel himself that there are potential discovery issues that are outstanding that he can go to the district court for. And that he could go to the district court saying he violated the court order. I know he hasn't done it yet, but he could. And what we're appealing is the stay itself. That needs to be protected, the sanctity of the stay. I have no further comments unless there's questions. Thank you both for the argument. I will take the matter under advisement.